Mills v Santos

2026 NY Slip Op 02786

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Carlton Mills, Plaintiff-Respondent,

v

Jose Santos et al., Defendants-Appellants, Wilver D. Caba et al., Defendants.

Decided and Entered: May 05, 2026

Index No. 35466/20|Appeal No. 6532|Case No. 2025-00326|

Before: Manzanet-Daniels, J.P., Kapnick, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Thomas Torto, New York (Jason Levine of counsel), for appellants.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

[*1]

Order, Supreme Court, Bronx County (John A. Howard-Algarin, J.), entered on or about December 24, 2024, which denied defendants' motion to disqualify the Grigoropoulos Law Group, PLLC (GLG) from serving as counsel for plaintiff, unanimously affirmed, without costs.

Plaintiff's action arises from injuries he allegedly sustained on February 7, 2019, when a motor vehicle operated by defendant Jose Santos and owned by defendant The Sofa Doctor, in which plaintiff was a lawful passenger, came into contact with another vehicle.

On March 5, 2019, plaintiff and Santos retained GLG to represent them in connection with the accident. Each party signed a detailed Notice of Potential Conflict of Interest and Waiver of Conflict-Free Counsel, under which GLG reserved the right to withdraw from representing either plaintiff or Santos, or both, if it discovered information that would cause it to believe that it could no longer represent both because of a conflict of interest. On June 6, 2019, GLG discontinued its representation of Santos after it discovered that his position would be adverse to plaintiff, and it decided to solely represent plaintiff.

The court properly denied defendants' motion. Defendants waived any conflict of interest by waiting approximately three years to move to disqualify GLG (see Matter of Coast Mar. Co. Ltd. v Holland & Knight LLP, 243 AD3d 468, 469 [1st Dept 2025]). Moreover, defendants were not entitled to disqualify GLG because the waiver was sufficient to inform both plaintiff and Santos of any potential conflicts in having GLG represent them simultaneously (cf. Sanyang v Davis, 198 AD3d 522, 522 [1st Dept 2021]). The waiver further informed Santos of the possibility that GLG would discontinue representing him should it realize that his interests had become adverse to plaintiff's interests. The absence of any evidence that plaintiff or GLG used confidences gained during GLG's brief representation of Santos also supported denial of the motion (see Consumers Beverages, Inc. v Kavcon Dev. LLC, 227 AD3d 1381, 1384 [4th Dept 2024]; see also Patane v Tan, 188 AD3d 498, 499 [1st Dept 2020]).

We have considered defendants' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026